FILED
NOV 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>WHATEVER, INC., an Illinois corporation,<br><br>　　　　　　　　　　Defendant. | 07CV6666<br>JUDGE MANNING<br>MAG. JUDGE DENLOW |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their cause of action against Defendant Whatever, Inc., an Illinois corporation ("Whatever") allege as follows:

### JURISDICTION AND VENUE

1.　This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.　This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

3.　The Pension Fund is administered at its principal place of business located

in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Whatever is an Illinois corporation with its principal place of business located in the State of Illinois. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

## CLAIM FOR RELIEF

8. Defendant Whatever was subject to collective bargaining agreements executed between itself and Local Union No. 722 of the International Brotherhood of

Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. On or about December 31, 2005, Defendant Whatever permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

10. As a result of this complete withdrawal, Defendant Whatever incurred withdrawal liability to the Pension Fund in the amount of $235,464.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

11. On or about November 10, 2006, Defendant Whatever received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached invoice notified Defendant that it was required to discharge its liability in a lump sum or in 119 monthly payments of $2,739.84 beginning on December 1, 2006 with a final payment of $136.52 due on November 1, 2016.

12. Defendant Whatever made its interim withdrawal liability payments from December 1, 2006 until August 1, 2007.

13. Defendant Whatever did not make its September 1, 2007 payment to the Pension Fund.

14. On September 19, 2007, Defendant Whatever received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned Defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

15.     Defendant Whatever did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.     Defendant Whatever has failed to make all of the withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A.      A judgment against Defendant Whatever, Inc., an Illinois corporation and on behalf of Plaintiffs, pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    a.   $210,962.58 in outstanding withdrawal liability principal;

    b.   interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

    c.   an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

    d.   attorney's fees and costs.

B.      Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan

Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; and

    C.    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Timothy C. Reuter*

Timothy C. Reuter (ARDC# 06279373)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund and
Howard McDougall, as Trustee
9377 West Higgins Road
Rosemont, IL 60018-4938
(847) 518-9800, Ext. 3481

November 27, 2007