# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6666 |
| v. | ) ) | Judge Manning |
| WHATEVER, INC., an Illinois corporation, | ) ) ) ) | Magistrate Judge Denlow |
| Defendant. | ) | |

## AFFIDAVIT OF ANDREW SPRAU

State of Illinois    )
                     ) SS
County of Cook    )

I, Andrew Sprau, having been duly sworn on oath, state as follows:

1.    I am employed by the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund" or "Central States") as the Department Manager, Collections. I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.    The Pension Fund is a multiemployer pension plan as that term is defined by 29 U.S.C. § 1002(37)(A). On the date this action was filed and to the present date, the Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsor of the Pension Fund within the meaning of

Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees are authorized to bring civil actions on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1). This Court has jurisdiction over the action under Sections 502(a), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018-4938. Thus, venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business located in Rosemont, Illinois.

3.    I am responsible for managing the Pension Fund's assessment and collection program for withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).

4.    The files for every employer who has withdrawn from participation in the Pension Fund, including one for Whatever, Inc. ("Whatever") are under my dominion and control.

5.    The Pension Fund's records show that Whatever was subject to a collective bargaining agreement executed between itself and Local Union 722 under which Whatever was required to make contributions to the Pension Fund on behalf of certain of its employees. Whatever was also bound by the Pension Fund Trust Agreement.

6.    On or about December 31, 2005, Whatever permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as

defined in Section 4203 of ERISA, 29 U.S.C. § 1383. Thereafter, Whatever was neither contributing nor obligated to contribute to the Pension Fund.

7.     As a result of this complete withdrawal, Whatever incurred withdrawal liability to the Pension Fund in the amount of $235,464.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

8.     On or about November 10, 2006, Whatever received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached payment schedule notified Whatever that it was required to discharge its liability in a lump sum or in 119 monthly payments of $2,739.84 beginning on December 1, 2006 with a final payment of $136.52 due on November 1, 2016.

9.     Whatever made its interim withdrawal liability payments from December 1, 2006 through August 1, 2007.

10.    Whatever did not make its September 1, 2007 payment to the Pension Fund.

11.    On September 19, 2007, Defendant Whatever received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned Defendant of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

12.    Whatever failed to make the required withdrawal liability payments to the Pension Fund and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

13.    Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an

employer to pay withdrawal liability payments when due is treated in the same manner as

delinquent contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

14.    Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund

is entitled to the following relief when it prevails in an action under ERISA 515, 29 U.S.C.

§ 1145, as incorporated by ERISA Section 4301(b), 29 U.S.C. § 1451(b):

      (1)   delinquent withdrawal liability;

      (2)   interest;

      (3)   an amount equal to the greater of the interest or liquidated damages
            in the amount of 20% of the withdrawal liability; and

      (4)   reasonable attorneys' fees and costs.

15.    Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), interest is

determined using the rate under the Pension Plan.

16.    Under the Pension Plan, interest is computed and charged at an annualized

interest rate equal to two percent (2%) plus the prime interest rate established by Chase

Manhattan Bank (New York, New York) for the fifteenth day of the months for which the

interest is charged.

17.    As a result of Whatever's failure to pay the withdrawal liability assessment

set forth in paragraph 7, Plaintiffs are entitled to a judgment against Whatever for:

      (1)   $210,962.58 in withdrawal liability principal

      (2)   $ 8,826.48 in interest (through 02/08/08)

      (3)   $42,192.52 in liquidated damages

      (4)   Attorneys' fees and costs.

18.    Under the Pension Plan, interest on a judgment entered against an employer

is computed and charged at an annualized interest rate equal to two percent (2%) plus the

prime interest rate established by Chase Manhattan Bank (New York, New York) for the

fifteenth day of the months for which the interest is charged, and shall be compounded

F:252414 / 07411503 / 2/5/08                     -4-

annually.

**FURTHER AFFIANT SAYETH NOT.**

Andrew Sprau

Subscribed and sworn to before
me this ___ day of February, 2008

Notary Public

> Official Seal
> Crystal L Hamilton
> Notary Public State of Illinois
> My Commission Expires 07/21/2009